IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TERRY ANGELO HATCHER,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-817-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institution Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Terry Angelo Hatcher, TDCJ # 1182100, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and represented in this action by Michael Levine.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In December 2001, Hatcher was charged in a multicount indictment with aggravated sexual assault of a child younger than 14 years of age. (State Habeas R. at 111.) A jury found Hatcher guilty on two counts and, on July 24, 2003, assessed his punishment at forty-six years' confinement for each count. (*Id.* at 112.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 3, 2005. *Hatcher v. Texas*, No. 2-03-409-CR, slip op. (Tex. App.–Fort Worth Feb. 3, 2005, no pet.) (not designated for publication). Hatcher did not file a petition for discretionary review. (Petition at 3.)

On March 2, 2006, Hatcher filed an application for writ of habeas corpus in the state trial court challenging his convictions on the grounds presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on September 27, 2006. *Ex parte Hatcher*, Application No. 65,703-01, at cover. The state court denied Hatcher's motion for rehearing on November 10, 2006. (See state court's case information in *Ex parte Hatcher* available at http://www.cca.courts.state.tx.) Hatcher filed this federal petition on November 17, 2006.[1] Quarterman has filed a motion to dismiss on limitations grounds, to which Hatcher did not reply.

D. ISSUES

Hatcher raises three grounds for relief, in which he alleges that he was denied effective assistance of counsel and counsel of choice and that his due process rights were violated. (Petition at 4-5.)

---

[1] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing, however a prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the "mailbox rule." *Cousin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E. STATUTE OF LIMITATIONS

Quarterman argues that Hatcher's federal petition for writ of habeas corpus should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 4-7.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Hatcher is attacking his 2003 convictions on substantive grounds, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Hatcher's convictions became final and the one-year limitations period began to run

upon expiration of the time that Hatcher had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on March 7, 2005,[2] and closed on March 7, 2006, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Hatcher's state habeas application was pending for 253 days under § 2254(d)(2)[3]; thus, Hatcher's federal petition was due on or before November 15, 2006. His petition filed on November 17, 2006, is therefore untimely.[4]

## II. RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED, and Hatcher's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[2]Thirty days from the date of the trial court's judgment was March 5, 2005, however March 5, 2005, was a Saturday.

[3]The Fifth Circuit has held that a properly filed motion for rehearing in a state habeas case tolls the running of the federal limitations period from the date the state habeas application was denied to the date the letter denying the motion is issued by the Texas Court of Criminal Appeals. *See Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir. 2001); *Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001).

[4]Hatcher did not reply to Quarterman's motion to dismiss or otherwise assert a reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 27, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 27, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 6, 2007.

    /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE