IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TERRY ANGELO HATCHER, | § |
| | § |
| VS. | §   CIVIL ACTION NO.4:06-CV-817-Y |
| | § |
| NATHANIEL QUARTERMAN, Director, | § |
| T.D.C.J., Correctional | § |
| Institutions Division. | § |

OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Terry Angelo Hatcher under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 6, 2007; and

3. The respondent's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 8, 2007; and

4. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 26, 2007.

The Court, after *de novo* review, concludes that the Petitioner's objections must be overruled,[1] that the Respondent's objections must be sustained, and that the magistrate judge's findings and conclusions should be adopted, except as modified by this opinion.

The applicable one-year limitations period runs in this case from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[1] The Petitioner's objection to the magistrate judge's apparent failure to consider his response to the motion to dismiss is MOOT as this Court has reviewed that response in considering the issues raised by the motion to dismiss in this *de novo* review.

review" under § 2244(d)(1)(A). The date of such finality is March 5, 2005, the date of the expiration of time for Hatcher to file a petition for discretionary review.[2] Thus, under the Fifth Circuit's holding in *Flanagan v. Johnson,* 154 F.3d 196, 200-202 (5th Cir. 1998), that Federal Rule of Civil Procedure 6(a) applies so as not to count the day of the act or event from which the § 2244(d) period begins to run, the one-year period began on March 6, 2005, and would have ended on March 5, 2006. But after 361 days had run--through March 1, 2006--Hatcher filed, on March 2, 2006, a state application for writ of habeas corpus. That application was pending through September 27, 2006. As such, Hatcher only had four days left (365-361) after September 27, or through October 1, 2006. As October 1, was a Sunday, application of the second sentence of Rule 6(a) compels the determination that the applicable limitations period continued until October 2, 2006.[3]

Respondent Quarterman objects to the magistrate judge's recommendation that pendency of the state application for writ of habeas corpus was extended by the filing by Hatcher of a motion for reconsideration to the Texas Court of Criminal Appeals (TXCCA) of its denial of the 11.07 application. Although acknowledging that Texas law prohibits the filing of motions for reconsideration or

---

[2] *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); Tex. R. App. P. 68.2(a).

[3] Fed. R. Civ. P. 6(a)("The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days"); *see also Robinson v. Quarterman,* No. 3-06-CV-1573-R, 2007 WL 273573, *3 (N.D.Tex. Jan. 31, 2007)(noting that as end of applicable § 2244(d) period ended on a Sunday, the limitations period was extended till the following Monday.)

rehearing of habeas petitions,[4] the Court of Appeals for the Fifth Circuit has determined that the "one-year statute of limitations is tolled during the period in which a Texas habeas petitioner has filed such a motion."[5] Following this case law, the magistrate judge extended the tolling period until the date the motion for reconsideration was denied. But in Hatcher's circumstance, the one year had already expired on October 2, 2006, before he actually filed the motion for reconsideration with the TXCCA on October 12, 2006. As the limitations period had already run on October 2, there was nothing to toll when the motion for reconsideration was filed on October 12.[6] Therefore, the respondent's objections are sustained to the extent that, in this particular case, the pendency of the motion for reconsideration did not toll the limitations period.

Petitioner also argues in his response to the motion to dismiss and in his written objections that he is entitled to equitable tolling. He does so based upon the argument that he was unable to obtain records from his defense counsel, and upon the novel argument that the TXCCA processed his application for writ of habeas corpus too quickly.

---

[4] TEX. R. APP. P. 79.2(d).

[5] *Emerson v. Johnson,* 243 F.3d 931, 935 (5th Cir. 2001); *Lookingbill v. Cockrell,* 293 F.3d 256, 261 (5th Cir. 2002).

[6] *See Gordon v. Dretke,* 107 Fed. Appx. 404 (5th Cir. Aug. 10, 2004)(noting that as the motion for reconsideration was not filed until after the one-year period had expired the petition was untimely unless there was a basis for equitable tolling)(unpublished); *see generally Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000)(analogous holding that a state writ application filed *after* the period of limitation had expired does not toll the limitation period), *cert. den'd,* 532 U.S. 963 (2001).

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[7] But, the burden is on the petitioner--here, Hatcher--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[8] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[9]

Hatcher has not satisfied the burden to establish entitlement to equitable tolling. With regard to the contention that he was delayed by defense counsel's failure to respond to his request for a copy of his file, difficulty obtaining records is a common problem among inmates who are trying to pursue post-conviction habeas relief and, thus, does not present exceptional circumstances that warrant equitable tolling.[10] Furthermore, the effort to obtain records from his trial counsel are irrelevant since such records

---

[7] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[8] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[9] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[10] *See Kiser v. Dretke*, 2004 WL 2331592 at *2 (N.D.Tex. Oct. 15, 2004), *recommendation adopted,* 2004 WL 2549174 (N.D.Tex. November 9, 2004).

4

were not required to be filed with an art. 11.07 application.[11]

With regard to the argument that the speedy manner in which the TXCCA resolved his 11.07 application somehow entitles Hatcher to equitable tolling, Hatcher has presented no authority for such proposition, and the Court has found none.  Further, as Hatcher argues that he filed a skeletal 11.07 application precisely in an effort to preserve federal habeas review, he was aware of the limited number of days he would have to file a petition under 28 U.S.C. § 2254, whenever the TXCCA resolved the 11.07 application. The claim that the TXCCA acted too quickly in resolving his 11.07 application is not a basis for equitable tolling.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, except as modified herein.

The motion to dismiss [docket no. 9] is GRANTED.

Petitioner Hatcher's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE.

SIGNED April 9, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11]*Owens v. Dretke*, Nos. 3:03-CV-1333-34-D, 2004 WL 764944 at *2 (N.D.Tex. April 8, 2004), *recommendation adopted*, 2004 WL 1179324 (N.D.Tex. May 7, 2004).